IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KRISTY MAULDIN, JENNIFER BRIGGS and ADRIENNE ROMERO,** *on behalf of themselves and those employees similarly situated,* | § § § § § | **CIVIL ACTION NO. 1:15-cv-00153** |
| **Plaintiffs,** | § § | |
| v. | § § | **JURY DEMANDED** |
| **VICTORY CHRISTIAN CENTER OF AUSTIN, INCORPORATED,** | § § § | **COLLECTIVE ACTION** |
| **Defendant.** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

**I. INTRODUCTION**

1. Plaintiffs Kristy Mauldin, Jennifer Briggs and Adrienne Romero, former employees of Defendant Victory Christian Center of Austin, Inc., bring this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, through 29 U.S.C. §2l6(b), on behalf of themselves and on behalf of other similarly situated employees.

**II. PARTIES**

2. Plaintiff Kristy Mauldin is an individual residing in Travis County, Texas.

3. Plaintiff Jennifer Briggs is an individual residing in Travis County, Texas.

4. Plaintiff Adrienne Romero is an individual residing in Travis County, Texas.

5. Plaintiff Class Members are individuals similarly situated to the named Plaintiffs due to the fact that they were also non-exempt hourly paid childcare workers who were also unlawfully denied overtime compensation for hours over 40 during each workweek in which they worked

such overtime hours. Plaintiff Mauldin, Briggs and Romero are suing on behalf of themselves as well as these other employees who are similarly situated (collectively, "Plaintiffs"), as provided by 29 U.S.C. § 216(b).

6. Defendant Victory Christian Center of Austin, Incorporated ("Victory Christian" herein) is a domestic non-profit corporation whose principal place of business is within Travis County, Texas. Victory Christian operates a state-licensed childcare center at which Plaintiffs performed their services. Victory Christian may be served through its Texas registered agent, Lee Boss, at 7625 N. IH-35, Austin, Texas 78752-1629. Throughout the events described in this lawsuit, Victory Christian was an "employer" to Plaintiffs pursuant to the Fair Labor Standards Act.

## III. JURISDICTION AND VENUE

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Victory Christian operated a state-licensed childcare center, Texas DFPS License No. 526935. The FLSA applies to those activities of Victory Christian. At all pertinent times, Plaintiffs provided childcare services at the childcare center. Venue is proper in this district under 28 U.S.C. § 1391, as all or a substantial portion of events giving rise to the claim occurred within the Western District of Texas, Austin Division, and Defendant is headquartered in this district.

## IV. STATEMENT OF FACTS

8. Named plaintiffs Mauldin, Romero and Briggs all worked for Victory Christian within the past three years as childcare workers. Class Members are similarly situated childcare workers who worked for Victory Christian within the past three years, under the authority of DFPS License No. 526935.

9. Based on their job duties, Plaintiffs were not legally exempt from the payment of overtime wages for work hours over 40 in a workweek.

10. During one or more workweeks of Plaintiffs' employment with Defendant, Plaintiffs worked in excess of 40 hours.

11. During one or more weeks of Plaintiffs' employment with Defendant in which Plaintiffs worked overtime hours, Defendant failed to pay them one-and-one-half times their regular rate of pay for each overtime hour worked.

## V. COUNT ONE - VIOLATION OF FAIR LABOR STANDARDS ACT

12. The acts described in the preceding paragraphs committed by Defendant violate the Fair Labor Standards Act of 1938, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

13. The violations committed by Defendant were committed willfully within the meaning of the Fair Labor Standards Act.

## VI. DAMAGES

14. As a result of Defendant's unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

15. Section 216(b) of the Fair Labor Standards Act provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiffs seek an award of liquidated damages in an amount equal to the amount of unpaid overtime pay.

16. Plaintiffs further seek an extension of the statute of limitations to three years as a result of Defendant's willful failure to pay overtime in violation of 29 U.S.C. § 207.

17. Plaintiffs also seek compensation of the out-of-pocket expenses and costs of court they have incurred and will incur in this action. Plaintiffs are also entitled to expert witness fees and reasonable and necessary attorney fees under 29 U.S.C. § 216(b).

## VII. JURY DEMAND

18. A jury is hereby demanded.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter an order:

a. Certifying a class of employees of Defendant similarly situated to the named Plaintiffs, and ordering that notice of this Civil Action and an opportunity to opt in be issued to the Class Members;

b. Declaring that Defendant violated the Fair Labor Standards Act;

c. Declaring that the Defendant's violations of the FLSA were willful;

d. Granting judgment to Plaintiffs for their claims of unpaid wages as secured by the Fair Labor Standards Act, as well as liquidated damages in an amount equal to the amount of the unpaid wages;

e. Awarding Plaintiffs their costs, expert witness fees and reasonable attorney's fees;

f. Awarding Plaintiffs pre- and post-judgment interest at the highest rates allowed.

g. Granting such further relief as the Court finds just.

Respectfully submitted,

*Kerry O'Brien*

Kerry V. O'Brien
Texas SBN 24038469

O'BRIEN LAW FIRM PC
1011 Westlake Drive

Austin, Texas 78746  
ko@obrienlawpc.com  
ph (512) 410-1960  
fx (512) 410-6171